Liu v. Sessions

BIA
Christensen, IJ
A077 718 725

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of June, two thousand seventeen.

PRESENT:
>        GUIDO CALABRESI,
>        JOSÉ A. CABRANES,
>        GERARD E. LYNCH,
>             *Circuit Judges.*

_____

DONGKAI LIU,
>        *Petitioner,*

>        v.                                              16-406
>                                                         NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, Yerman & Jia, LLC, New York, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Russel J.E. Verby, Senior Litigation Counsel; John D. Williams, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dongkai Liu, a native and citizen of the People's Republic of China, seeks review of a January 19, 2016, decision of the BIA, affirming a November 6, 2014, decision of an Immigration Judge ("IJ") denying Liu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dongkai Liu,* No. A077 718 725 (B.I.A. Jan. 19, 2016), *aff'g* No. A077 718 725 (Immig. Ct. N.Y. City Nov. 6, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Liu's, which are governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an applicant's "demeanor, candor, or responsiveness," and on

2

inconsistencies in an applicant's statements and evidence, "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

The agency reasonably relied on inconsistencies concerning the alleged November 2011 phone call from the police warning Liu to stop attending an underground church. 8 U.S.C. § 1158(b)(1)(B)(iii). Liu first testified that he received the call at home during his lunch break, but later testified that he received the call at his *parents'* home. The IJ was not required to credit Liu's explanation that this testimony was actually consistent because he would eventually inherit his parents' home as his own because, as explained below, Liu's testimony about where he lived was also inconsistent. In order to prevail after an adverse credibility determination based in part on a failure to explain an inconsistency, "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his

3

testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks omitted). Liu has not made that showing here.

The agency also reasonably relied on inconsistencies concerning Liu's residence. Liu testified that he and his wife lived in housing provided by the factory that employed him. When asked how his wife was able to remain in factory housing in July 2012 if he was fired from the factory in January 2012, he changed his testimony and said that he did *not* live in factory housing but that his home "was privately owned." C.A.R. 21. In his brief, he argues that he "never testified that he lived in factory-owned housing after he was fired," but that assertion is contradicted by his testimony. Pet. Br. 13.

The adverse credibility determination is further bolstered by the omission in Liu's wife's letter of the alleged July 2012 police visits. "An inconsistency and an omission are . . . functionally equivalent." *Xiu Xia Lin*, 534 F.3d at 166 n.3. The IJ was not required to credit Liu's explanation that his wife told him about the visits over the phone, thereby making their exclusion from her letter reasonable. *Majidi*, 430 F.3d at 80; *see also Xiu Xia Lin*, 534 F.3d at 166-67 & n.3.

The IJ's demeanor finding, to which we defer, further supports the adverse credibility determination. *Majidi*, 430

4

F.3d at 81 n.1.  The IJ observed that Liu was evasive and "became hesitant and unresponsive to certain questions, particularly with regard to his living situation in China and where he was when he received an initial phone call from the police." C.A.R. 53. Liu challenges the demeanor finding on the basis that neither the IJ nor the Government attorney noted his demeanor on the record.  The inconsistencies outlined above, however, support the demeanor finding. We are "more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."  *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006); *see Majidi*, 430 F.3d at 81 n.1.

Having concluded that Liu was not credible, the agency did not err in further finding that Liu's corroborating evidence was insufficient to rehabilitate his testimony.  "An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."  *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). "We defer to the agency's determination of the weight afforded to an alien's documentary evidence." *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013)

The agency reasonably gave diminished weight to letters

5

from Liu's wife and friends in China because they were authored by interested parties not subject to cross-examination. *See Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (agency can give little weight to document drafted by interested witness not subject to cross examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). The IJ also reasonably gave diminished weight the fine receipt allegedly issued by the Public Security Bureau because it was unauthenticated and did not identify to what the fine related.

Given the inconsistencies, the demeanor finding, and Liu's lack of reliable corroboration, it cannot be said "that no reasonable fact-finder could make [an adverse] credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Because asylum, withholding of removal, and CAT relief were all based on the same factual predicate, the adverse credibility determination resolves all of Liu's claims. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6